IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-03149-PAB-BNB

AMERICAN CONTRACTING, LLC, a Colorado corporation,

Plaintiff,

v.

OLSON FENCING, INC., a Wyoming corporation,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Plaintiff's Verified Motion for Entry of Default Judgment** [Doc. # 34, filed 7/5/2013] (the "Motion for Default Judgment"). I respectfully RECOMMEND that it be DENIED without prejudice.

To obtain a default judgment, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, it must obtain an entry of default from the Clerk of the Court under Rule 55(a); then, after default has been entered, it must seek default judgment pursuant to Rule 55(b). Rule 55(a), Fed. R. Civ. P., allows a default to enter against a party when it "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."

The case was commenced by the filing of a Complaint [Doc. # 1] on December 3, 2012. The First Amended Complaint [Doc. # 7] was filed on December 10, 2012. The defendant appeared through counsel and filed an Answer [Doc. # 15], but counsel was allowed to withdraw by an Order [Doc. # 32] entered on June 4, 2013. The defendant was granted until June 18, 2013, to cause substitute counsel to appear, id. at ¶3, and I cautioned the defendant that "absent

prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against [it]." Id. at ¶4 (citing D.C.COLO.LCivR 83.3D).

The plaintiff has failed to obtain an entry of default from the Clerk of the Court under Rule 55(a). That prerequisite must be satisfied before a default judgment may be entered.

I respectfully RECOMMEND that the Motion for Default Judgment [Doc. # 34] be DENIED without prejudice.[1]

Dated September 26, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).